WM. A. HAYES, 2D, *et al.*, Trustees, *vs.* ABBY F. ROBESON, *et al.*

MAY 15, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Trusts.   Vested Interest.   Discretion.*

Testamentary bequest to son of testatrix in trust, to be applied, with the interest or income that might accrue, and expended, at the discretion of the trustee, for the education and advancement of the two grandsons of testatrix, and in case of the death of either of the said grandsons, before reaching the age of twenty-one years, the whole, or whatever might remain, to be applied to the completion of the education and advancement of the other. And in case of the death of both of said grandsons before reaching the age of twenty-one years, the fund to become the property of the trustee, if then living, discharged of the trust; and in case of his previous decease, to his heirs at law, unless otherwise disposed of by his will:—

*Held*, that the grandsons took a vested interest in the fund, liable to be divested by death under the age of twenty-one years, with discretion in the trustee as to what portions of it should be expended for their benefit while they were under his control as minors, and thereafterwards until they should be established in professional or business life.

*Held*, further, that the confidence reposed in the trustee as to the time and manner of executing the trust was not in its nature a personal one, and that the successors in the trust had the same discretion under the provisions of Gen. Laws cap. 208, §§ 5, 7, and 8, providing that the discretion conferred by any instrument creating a trust may be exercised by the successor of the original trustee, unless a contrary intention is expressed in the instrument.

*Held*, further, that this discretion must be exercised for the benefit of the beneficiaries severally; and as their education was completed, the fund must be devoted to their advancement in starting in active life, and that

the trust might be terminated and the fund distributed whenever in the opinion of the trustees it became desirable for the beneficiaries severally to receive the same for such advancement.

BILL IN EQUITY, for the construction of will.

DOUGLAS, C. J.   This is a bill in equity, brought to determine the construction of certain provisions of the will of Mary A. Robeson, late of Tiverton, R. I., who died July 25, 1903.

The clauses in question are as follows:

"Sixth.   And before any further division or distribution of my estate, it is my will that my Executors shall first set out, or pay, or make over the sum of Ten Thousand dollars (or its equivalent in sound stocks or other estate real and personal) to his satisfaction, to my son Andrew Robeson, his executors or administrators, in Trust nevertheless, to be applied, with the interest or income therefrom that may accrue, and expended at his discretion, for the education, training and advancement of my two grandsons, Andrew Robeson Jr., and Rodman Robeson as may seem best for them severally, and as nearly equally as may be, either at some University, or Technological, Scientific (or Mercantile) Institution, and in case of death of either of the said two grandsons before reaching the age of twenty-one years, the whole of said Trust Fund, or whatever may remain thereof, shall be applied to the completion of the education, outfit and advancement of the other, for or in his profession or business, as the case may be."

"Eighth.   And further it is my will that in case of the death of both my said grandsons, Andrew and Rodman, before they severally reach the age of twenty-one years, this TRUST FUND for them provided hereinbefore, shall become the property of their Father, my son Andrew Robeson, if then living, discharged of all trusts; and in case of his previous decease, to his heirs at law, unless otherwise disposed of by his will, by which he is hereby authorized to dispose of said fund in such a contingency."

The beneficiaries of the trust created by the clauses at the time of the making of the will were respectively about seventeen and fourteen years old.   They are now about twenty-seven and

twenty-four years of age. Their father, Andrew Robeson, senior, died in August, 1906, without having applied any portion of the principal of the trust fund to their benefit, and the complainants were duly appointed trustees in his place and now hold the fund, with a small amount of accrued income thereof.

At the time of the execution of the will the said Andrew Robeson, senior, had another child, a daughter, for whom provision is made as follows:

"Seventh. Further, I give and bequeath to my son Andrew Robeson IN TRUST, nevertheless, for my grand-daughter, Harriet Robeson, his daughter, the sum of Five thousand dollars (or its equivalent in sound stocks or other estate, real or personal) to his satisfaction, this amount to be held, and the income thereof to be accumulated and added to the principal sum, until she shall reach the age of eighteen years, after which the annual income shall be paid to her as it accrues; and at the age of twenty-five years, the principal with its earnings, shall be made over to her, for her sole and separate use, as her separate estate, apart from the control of any husband whom she may marry, or may have married; and in case of her death without issue before the age of twenty-five years, the said TRUST FUND shall become the property of her Father, if living, discharged of all trusts, otherwise be divided or distributed, share and share alike, to her then living brothers and sisters, and in event of their previous decease, to their rightful heirs at law."

The seventh clause clearly gives to Harriet a vested interest in the trust fund created for her benefit, under the former decisions of this court. *Staples* v. *D'Wolf*, 8 R. I. 74, 118; *R. I. H. T. Co.* v. *Noyes*, 26 R. I. 323. Can we infer from the variation in the language employed in the provisions made for the benefit of her brothers that, in respect to them, the testatrix had a different intention? We think not. All the circumstances of the case, together with the tenor of the whole will, indicate to us that the testatrix intended to treat the three grandchildren substantially alike.

The fund set aside from the corpus of the estate for the

benefit of the grandchildren, respectively, in case they shall live to enjoy it, is of an equal amount. In the case of the daughter it is to accumulate until she is of a suitable age to need the income, and at the age of twenty-five she is to take full possession and control of it. The testatrix evidently recognized the fact that the requirements of the grandsons might be greater for their education, and possible entry into business life, and so the discretion is given to their father to devote principal or income to those purposes; but such appropriations are to be as nearly equal as may be, so that each of the beneficiaries shall receive substantially an equal amount. The fund is not given for the education of the grandsons only, but for their advancement as well. We think the implication is irresistible that, if the fund in either case shall not have been exhausted for the first purpose, the residue of it may be claimed by the beneficiary for the second. This intention is most clearly expressed in case one of the grandsons shall die under the age of twenty-one, in which case the whole of the fund then remaining shall be applied to the completion of the education of the survivor or to his outfit or advancement in his profession or business. We can find no reason in the will, or in the circumstances which the testatrix had in mind, for supposing that, while she desired the whole fund to be given to one of the grandsons if he should survive his brother and arrive at the age of twenty-one, she intended both to forfeit their interest in the fund if both survived to that age.

(1)    We think, therefore, that the true construction of those clauses gives to the grandsons a vested interest in the fund liable to be divested by death under twenty-one years of age, and confers upon their father, as trustee, a discretion as to what portions of it shall be expended for their benefit while they are under his control as minor children, and afterwards until they shall be established in professional or business life. The words of the trust require that it shall be applied for the education, training, and advancement of the beneficiaries, and that it shall be expended for those purposes in the discretion of the trustee. The gift of the beneficial interest is an absolute one; the portions of the fund which shall be expended or

enjoyed from time to time, and the specific object to which they were to be applied within the terms of the trust, are to be determined by the discretion of the trustee.

The confidence reposed in the trustee as to time and manner of executing the trust is not in its nature a personal one. If the father had died during the minority of the sons, the discretion of a succeeding trustee would have been as useful and necessary in administering the trust for their benefit. Gen. Laws cap. 208, §§ 5, 7, and 8, provide that such discretion conferred by any instrument creating a trust may be exercised by the successor of the original trustee unless a contrary intention is expressed in the instrument.

We conclude, therefore, that the present trustees have the same discretion which was given to the original trustee to determine the time and manner of expending the trust fund. This discretion must be exercised as may seem best for the beneficiaries severally. As the education of the beneficiaries is now completed, the fund must be devoted to their advancement in starting in active life. It appears from the bill and answers that circumstances make it desirable at the present time to divide the fund between the beneficiaries, and that the trustees approve the proposed disposition of the fund. We see no objection to such action on the part of the trustees.

Having arrived at these conclusions, we answer the specific questions propounded in the bill, as follows:

First: Under the provisions of the said will the residuary legatees named therein and their successors in estate have no interest in the said trust fund or its accumulated income.

Secondly: The trustees have power under said trusts to apply said trust fund for the benefit of Andrew Robeson, Jr., and Rodman Robeson, although they have severally arrived at the age of twenty-one years.

Thirdly: In case of the decease of either said Andrew Robeson, Jr., or Rodman Robeson, after reaching the age of twenty-one years, the provision relating to the survivor in case either beneficiary should die under the age of twenty-one years has no force or application.

Fourthly: The trust may now be terminated and the trust

fund distributed whenever in the opinion of the trustees for the time being it becomes desirable for the beneficiaries severally to receive the same for their advancement in life.

Counsel will prepare and present to the court a draft of a decree in accordance with the foregoing.

*Albert A. Baker and William A. Hayes, 2d,* for complainants.
*Elmer S. Chace and Claude C. Ball,* for various respondents.